■ In the Matter of the Claim of MONA LOUIS, Appellant. COMMISSIONER OF LABOR, Respondent. [784 NYS2d 720]—

Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 8, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was not entitled to receive a trade readjustment allowance under the federal Trade Act of 1974.

Following claimant's separation from employment in June 2001, she applied for and received a trade readjustment allowance (TRA) pursuant to the federal Trade Act of 1974 (see 19 USC § 2271 et seq.). She began to receive the TRA in March 2002, which ran, excepting a period where she received temporary extended unemployment benefits in lieu of the TRA, through December 2002. The Department of Labor did not pay claimant an additional TRA when the TRA ended, holding that her application was made past the deadline set by federal regulations governing the additional TRA (see 20 CFR 617.15). Claimant requested a hearing and, following several defaults, a hearing and subsequent remittal by the Unemployment Insurance Appeal Board, an Administrative Law Judge upheld the Department's determination. The Board affirmed the Administrative Law Judge's decision. Claimant appeals.

We affirm. The regulations governing eligibility for an additional TRA require that claimant make a bona fide application for training, meaning a signed application containing, among other things, the specific training that claimant will undergo, "within 210 days after the date of the first certification under which [she] is covered" or of claimant's most recent separation under that certification, whichever is later (20 CFR 617.15 [b] [2]; see 20 CFR 617.3 [i], [j]). The later of the two dates is claimant's separation from employment, which was June 22, 2001, requiring that claimant's application be made by January 18, 2002. The record indicates that no such application was made or approved until June 17, 2002. Even using claimant's earliest application for a TRA in February 2002—which appears to be insufficient due to the Department's waiver of the train-

ing requirement at that time and testimony that the earlier application only determined claimant's eligibility and was not a bona fide application for training—claimant would still be ineligible for an additional TRA. Under the circumstances, substantial evidence supports the Board's determination that claimant is not entitled to an additional TRA (see Matter of Brodie [Commissioner of Labor], 261 AD2d 732, 732-733 [1999]).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.